United States District Court
Southern District of Texas
**ENTERED**
June 25, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA FRANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-476 |
| | § | |
| SPECIALIZED LOAN SERVICING LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Yolanda Frank, representing herself, sued Specialized Loan Servicing LLC to abate the finalization of a foreclosure and eviction proceeding. (Docket Entry No. 1-2). Frank asserted claims for violations of the Texas Property Code, violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 *et seq.*, trespass to try title, quiet title, and violations of the Texas Wrongful Debt Collection Act. (*Id.*). Frank also moved for a temporary restraining order and temporary injunction. (*Id.* at 11). Specialized Loan Servicing timely removed. (Docket Entry No. 1).

Frank now moves to remand, to join parties, and for a temporary restraining order and temporary injunction. (Docket Entry No. 5). Specialized Loan Servicing Loan moves for judgment on the pleadings. (Docket Entry No. 7). While these motions were pending, Frank moved for an extension of time to amend her pleadings. (Docket Entry No. 9).

Based on the record, the motions, and the applicable law, the court denies Frank's motion to remand, to join parties, and for a temporary restraining order and preliminary injunction, and grants Specialized Loan Servicing's motion for judgment on the pleadings. Because amendment would be futile, the court denies Frank's motion to amend her pleadings.

The reasons for these rulings are set out below.

## I.  Background

In 2007, Yolanda Frank mortgaged her Houston residence to Home 123 Corporation. (Docket Entry No. 1-2 at 3–4). In 2015, the mortgage was assigned and transferred to Specialized Loan Servicing. (*Id.* at 4). Frank alleges that after the transfer, she discovered "additional and inflated escrow impounds on the[] mortgage statements and contacted [Specialized Loan Servicing] to dispute such charges," but Specialized Loan Servicing delayed responding to Frank's requests and failed to provide her a loan modification application. (*Id.* at 4–5).

Frank also alleges that Specialized Loan Servicing refused to accept her monthly payments, respond to her debt dispute letter, or provide proper default notices. (*Id.* at 5–6). Frank brought this suit to prevent Specialized Loan Servicing from foreclosing. (*Id.* at 3).

## II.  Frank's Motion to Remand, Join Parties, and for a Temporary Restraining Order and Temporary Injunction

After removal, Frank filed a brief entitled "Objections to Removal," arguing that removal was improper because she did not assert a federal question. (Docket Entry No. 5). She also asked to join parties and requested a temporary restraining order and temporary injunction. The court treats this filing as a motion for remand, to join parties, and for a temporary restraining order.

A defendant has the right to remove a case to federal court when federal subject-matter jurisdiction exists and the removal procedure is followed. 28 U.S.C. § 1441. The removing party has the burden of establishing federal jurisdiction. *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020). Any doubts as to removal should be construed strictly in favor of remand. *Id.* at 487. Removal jurisdiction is based on the claims in the operative state-court petition when the case is removed. *La. v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636–37 (5th Cir. 2014).

Specialized Loan Servicing removed on the basis of federal-question jurisdiction. (Docket Entry No. 1). Federal-question jurisdiction exists if a plaintiff's well-pleaded complaint includes a claim arising under federal law. *Quinn v. Guerrero*, 863 F.3d 353, 358–59 (5th Cir. 2017) (citing *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)); 28 U.S.C. § 1331. "'[T]he plaintiff [is] the master of the claim,' so he may confine his arguments to those arising under state law even if federal claims are available." *Id.* at 359 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 391–92 (1987)). A federal court that has original jurisdiction may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action" that "form part of the same case or controversy." 28 U.S.C. § 1367(a).

Frank's original petition in state court included a claim for relief under the Real Estate Settlement Procedures Act, a federal statute. (Docket Entry No. 1-2 at 8). Frank brought her claims under 12 U.S.C. § 2614, though she also cited 12 C.F.R. 1024.35, 1024.39, and 1024.41. (*Id.*). Claims under RESPA are removable. *See Perez v. Wells Fargo USA Holdings, Inc.*, No. 7:19-CV-317, 2019 WL 6687704, at *3 (S.D. Tex. Dec. 6, 2019); *Ayati-Ghaffari v. Dimon*, No. 419CV00533ALMCAN, 2019 WL 5790653, at *3 (E.D. Tex. Aug. 2, 2019), *report and recommendation adopted*, No. 4:19-CV-533, 2019 WL 5721664 (E.D. Tex. Nov. 5, 2019); *Bryant v. Hope Credit Union*, No. 1:19CV249-LG-RHW, 2019 WL 2492284, at *2 (S.D. Miss. June 14, 2019).

Frank argues that Specialized Loan Servicing "falsely asserts Plaintiff's Lawsuit includes claims against [Specialized Loan Servicing] for violations of the Real Estate Settlement Practices Act." (Docket Entry No. 5 at 8). She claims that Specialized Loan Servicing intentionally omitted "the specific section of RESPA (6(f)) . . . [and] section 12 CFR 1024.35," which relate to compliance with the Texas Property Code servicing error resolution procedures, and were not

3

meant to state a claim or legal theory. (*Id.*). Frank asks the court to look at "page 6, paragraph 6, of [her] lawsuit whereby paragraph 6 is clearly titled/captioned 'Plaintiff's Claims and Defendant's Violation; A. Violations of Texas Property Code (Plaintiff's Claims) & B. Violations of RESPA' (error resolutions)." (*Id.*).

While Frank's first cause of action is entitled "Statutory Violations of Texas Property Code," there is no indication that her "Violations of RESPA" claim is limited to only "error resolutions." (Docket Entry No. 1-2 at 6, 8). In her original petition, Frank claimed that Specialized Loan Servicing violated RESPA by "failing to provide accurate information to [Frank] for loss mitigation options and foreclosure as required by 12 C.F.R. 1024.39"; "failing to provide [Frank] with a specific reason or reasons for denial of all loan workout alternatives prior to posting their home for foreclosure"; "[i]mposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the borrower"; and "[i]n moving for foreclosure [sic] judgement or order of sale or conduct a foreclosure sale prior to providing a specific reason for denial of all loan workout alternatives." (*Id.* at 8). Because Frank's complaint stated a federal cause of action, the court has federal question jurisdiction over the RESPA claim and supplemental jurisdiction over the state-law claims relating to her mortgage.

Frank included a request to join Harris County Attorneys James Rice Harris and Scott Hillshire in their personal capacity as "additional parties related to [Frank]'s Identity Theft and request for Temporary Restraining Order & Temporary Injunction." (Docket Entry No. 5 at 2). Under Federal Rule of Civil Procedure 20(a)(2), parties may be joined as defendants if the plaintiff asserts a claim against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." *See Tuft v. Texas*, 397 F. App'x 59,

61 (5th Cir. 2010). While Frank alleges that she "is the victim of Identity Theft, deformation of character, harassment, violation of privacy and retaliation" because of her efforts to prevent the foreclosure of her property, (*see* Docket Entry No. 5 at 11), she does not assert a cause of action related to these allegations. Nor do these allegations relate to her mortgage or to Specialized Loan Servicing's actions leading up to the attempted foreclosure. The court denies Frank's request to add these new parties because Frank has not presented a common question of law or fact.

Frank also asks the court for a temporary restraining order and temporary injunction. (Docket Entry No. 5 at 15–19). A court may grant a temporary restraining order or preliminary injunction only if the movant shows: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." J*ones v. Tex. Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (per curiam) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)). The party seeking injunctive relief must meet all four requirements. *Jordan v. Fisher*, 823 F.3d 805, 809 (5th Cir. 2016) (quoting *Bluefield Water Ass'n v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009)).

As discussed below, Frank has no likelihood of success on the merits because her claims are precluded. The court denies Frank's motion to remand and for a temporary restraining order and temporary injunction.

### III. Specialized Loan's Motion for Judgment on the Pleadings

After removal, Specialized Loan Servicing moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Docket Entry No. 7). The Rule 12(b)(6) and Rule 12(c) standards are the same. *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). Rule 12(b)(6)

allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006); *Great Plains*, 313 F.3d at 329 ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court has discretion to deny a motion to amend for futility if the amended complaint would fail to state a plausible claim. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).

Specialized Loan Servicing argues that Frank litigated the same claims in an earlier case, and lost. (Docket Entry No. 7 at 1–2; *see also* Docket Entry No. 3). The court takes judicial notice of the filings in that case— *Broussard, et al. v. Specialized Loan Servicing, LLC*, 4:18-cv-2415 (S.D. Tex. July 13, 2018)—to determine whether preclusion applies to bar this action.

"Claim preclusion 'bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.'" *In re Provider Meds, L.L.C.*, 907 F.3d 845, 852 (5th Cir. 2018) (quoting *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010)).  A subsequent suit is barred if: "(1) the prior suit involved identical parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior judgment was a final judgment on the merits; and (4) the same claim or cause of action was involved in both cases." *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 898 (5th Cir. 2016).  This rule "prevents a later suit . . . from collaterally attacking a prior judgment by a court of competent jurisdiction." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009).

In the 2018 suit, Yolanda Frank and Dykeba Frank sued Specialized Loan Servicing to prevent the foreclosure of the Houston property.  *See* Order Granting Motion for Judgment on the Pleadings, *Broussard, et al. v. Specialized Loan Servicing LLC*, 4:18-cv-2415 (S.D. Tex. Apr. 18, 2019).  The plaintiffs alleged claims for "(1) violations of the Texas Property Code; (2) violations of the Real Estate Settlement Procedures Act ("RESPA"); (3) trespass to try title; (4) quiet title; (5) violations of the Texas Wrongful Debt Collection Act ("TDCA")," and the court dismissed the plaintiffs' claims for each cause of action. *Id.*  The subject of the prior suit and the causes of action are identical to those Frank alleges here.  Each element of claim preclusion is present, barring Frank from any relief from this court.

The court grants Specialized Loan Servicing's motion for judgment on the pleadings.

**IV.     Conclusion**

The court grants Specialized Loan Servicing's motion for judgment on the pleadings. (Docket Entry No. 7).  Frank's motion to remand, to join parties, and for a temporary restraining

order, (Docket Entry No. 5), is denied. Because preclusion bars her claims and amendment would be futile, Frank's motion for an extension of time for amendment is denied. (Docket Entry No. 9).

Final judgment is entered by separate order.

SIGNED on June 24, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge